Judge Underwood
delivered the opinion of the Court.
The commonwealth instituted an action of assumpsit, againt the plaintiffs in error, to recover for goods sold them, by the agent of the penitentiary, as is alleged in the declaration. A trial was had and verdict and judgment rendered for the defendants. A motion was made to set aside the verdict and judgment, upon the ground, that the verdict was against the evidence; that the agent of the penitentiary was surprised; and that he had discovered new evidence of importance. The motion prevailed, and on the second trial, the commonwealth obtained a verdict and judgment in her favor.
Two exceptions are now taken to the proceedings in the circuit court. 1st. That the court erred in granting a new trial. And 2d. That the verdict and judgment obtained, are for too much. Motions for new trials, are addressed to the sound legal discretion of the court. Haggin vs. Christian, 1 Marshall, 579. In *320 the exercise of discretion, it is difficult to prescribe! any set of fixed rules, applicable to all the cases which arise, and in consulting the adjudications on the subject, we find some, where considerable latitude has been allowed, and others, which savour of much rigour. In Mahan vs. Jane, 2 Bibb, 33; it is laid down, that “whenever there are strong probable grounds to believe, that thejustice of the cause has not been fairly and fully tried, a new trial ought to be awarded.” The circuit judge must apply this rule, taking care not to tolerate negligence by its lenity; and guarding against the success of iniquity, when it gains an advantage from the omission of sonrlething, which seemed not to be required, or for the neglect of which, a good excuse can be given. We must presume, that the court, properly exercised its discretion, unless the contrary is shewn. In this case, we think the weight of evidence, wds against the finding bf the jury in the first instance. Indeed it does not appear, that the defendants offered any evidence. This consideration connected with others, induce us to the opinion, that the circuit judge granted a new trial correctly; and we the more readily adopt this opinion, because, on the 2d error assigned, wé shall reverse the case and order a new trial, when the parties tvill have a full opportunity to get justice.
Verdict and judgment in favor of pl’tff. for more than he demands in his writ and declaration erroneous.
The writ atid declaration, claim $>100 damages, the' verdict and judgment, are for $>113. It is settled by repeated adjudications, that in actions, sounding in damages, the plaintiff cannot recover, more than he' claims. In actions of assumpsit, for goods sold at liquidated prices, or for any liquidated sum, to say the least, it is discretionai-y with the jury, to allow or refuse interest. In contracts for property, not complied with, the jury has the saftie discretion. Henderson vs. Stainton; Hardin 119. In Cartmill vs. Brown, 1 Marshall, 576, this court, has strongly inculcated the doctrine, that juries were bound to give interest on all liquidated sums due, evidenced by writing, or parol. In South vs. Leavy, Hardin, 519, it is settled, that interest cannot be allowed, on unliquidated accounts for goods sold. Whether the articles in the present case were sold at fixed prices or not, we cannot tell, as the eivdence on the last trial is not spread on the record, *321 ánd we cannot thérefpre decide, whether there is any error or not, in regard to interest. But no matter from what cause, the jury have given the plaintiff more than was claimed, and that is error.
Crittenden, for plaintiffs; Denny, Attorney General, for defendants.
Wherefore, th'e judgment is reversed, and the cause remanded for ánew trial.